

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 5, 1947

Hon. Paul H. Brown
Secretary of State
Austin, Texas

Opinion No. V-185

Re: Is a corporation or-
ganized under Subdivi-
sion 39, Article 1302,
R.C.S., 1925, limited
to retail business?

Dear Sir:

You have requested the opinion of this De-
partment as to whether or not a corporation organized
under the provisions of Subdivision 39, Article 1302,
Revised Civil Statutes, 1925, is limited to the con-
duct of a retail business only.

Subdivisions 39 and 40 of Article 1302, Re-
vised Civil Statutes of Texas, 1925, are as follows:

"Article 1302. The purposes for which
private corporations may be formed are . . .

"39. To purchase and sell goods, wares
and merchandise, and agricultural and farm
products.

"40. To buy and sell goods, wares and
merchandise of any description, by wholesale
or wholesale and retail, with a capital stock
of not less than twenty thousand dollars;
provided, such wholesale and retail business
shall not be conducted apart or in separate
establishments." (Emphasis added)

Because of the unrestricted language of sub-
division 39, supra, it would appear at first glance that
a corporation organized under its provisions could en-
gage in either a retail or wholesale business or both.
However, when construed in pari materia with the provi-
sions of subdivision 40, and particularly the emphasized
portions thereof, it is apparent that the intent of the
Legislature in enacting subdivision 40 was to restrict
the terms of subdivision 39.

        It is a cardinal rule of statutory construction that the intent of the Legislature may be ascertained from the legislative history of the act in question.

        Article 566, R.C.S., 1879, (Article 1302, R.C.S., 1925) did not contain the specific purpose clauses contained in subdivisions 39 and 40, supra, but did contain subdivision 27, which is as follows:

        "For any other purpose intended for mutual profit or benefit not otherwise especially provided for and not inconsistent with the constitution and laws of this state."

        This subdivision was repealed by Chapter 61, Acts Nineteenth Legislature, (1885), p. 59, (see Empire Mills v. Alston Grocery Co., 15 S. W. 505, 507) and the Twentieth Legislature in 1887 amended Article 566 by enacting Subdivision 24, (Chapter 58, Acts 20th Legislature, p. 41) as follows:

        "The purchase and sale of agricultural and farm products, goods, wares and merchandise:  Provided further, That the number of persons incorporating for such purposes shall in no instance be less than ten, nor shall any person hold or own more than five hundred dollars of such stock; and any person owning more than five hundred dollars of such stock shall be liable for all the debts of such corporation."  (Emphasis added)

        The emphasized portion of the above quoted subdivision is practically identical with subdivision 39 of the present revised statutes, and would apparently permit the conduct of either retail or wholesale business, or both, and it is evidence that the Legislature in 1891 was cognizant of such interpretation since it amended Article 566, R.C.S., 1879, by adding subdivision 25, (Chapter 401, Acts Twenty-second Legislature, p. 164) which is as follows:

        "For the purpose of buying and selling goods, wares and merchandise of any description by wholesale; but the limitations upon stock and stockholders in corporations created under subdivision 24 of this article shall not apply to corporations created under this subdivision."  (Emphasis added)

In 1895, subdivision 24 and 25, Article 566, R.C.S., 1879, were again amended by Chapter 105, Section 1, Acts Twenty-fourth Legislature, p. 190, to read as follows:

"24.  The purchase and sale of goods, wares and merchandise and agricultural and farm products.

"25.  For the purpose of buying and selling goods, wares and merchandise of any description by wholesale or <u>wholesale and retail</u>; but the limitations upon stock and stockholders in corporations created under subdivision 24 of this article shall not apply to corporations created under this subdivision:  Provided, that no corporation created under this subdivision shall be chartered with a capital stock of less than twenty thousand dollars:  <u>And provided, further, that such wholesale and retail business shall not be conducted apart or in separate establishments.</u>"  (Emphasis added)

The amendment of 1895 was carried forward unchanged into the Revised Civil Statutes of 1895, 1911 and 1925, except for changes in Article and subdivision numbers.

Considering the foregoing legislative history of subdivisions 39 and 40 as a whole, it is clear that by the amendment of 1891 creating subdivision 25, supra, now subdivision 40, the Legislature intended that corporations chartered under subdivision 39 were authorized to engage in <u>retail</u> business only, while those chartered under subdivision 40 were authorized to engage in <u>wholesale</u> business only.

However, in 1895, the Legislature created an exception to subdivision 25, now subdivision 40, by permitting a corporation to engage in both <u>retail and wholesale</u> business, <u>only</u> when such businesses were conducted together in the same establishment.

It is the opinion of this Department that a corporation chartered under the provisions of subdivision 39, Article 1302, Revised Civil Statutes, 1925, is restricted to the conduct of a retail business only.

## SUMMARY

A corporation chartered under subdivision 39, Article 1302, R.C.S., 1925, is restricted to the conduct of a retail business only.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

C. K. Richards
Assistant

CKR: lh: jt

APPROVED MAY 5, 1947

ATTORNEY GENERAL